IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

MALCOLM NEELY
Plaintiff,

2022 APR 14  P 4: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.

CASE NO.: 2:22-cv-177
Demand for Jury Trial

ELMORE COUNTY,
ELMORE COUNTY COMMISSION,
HENRY HINES, individually and in
his Official Capacity as a
member of the Elmore
County Commission, MACK
DAUGHERTY individually and in
Official Capacity as a member
of the Elmore County
Commission, TROY STUBBS
individually and in his Official
Capacity as a member of the
Elmore County Commission,
BART MERCER individually and
in his Official Capacity as a
member of the Elmore County
Commission, DESIRAE LEWIS
individually and in her Official
Capacity as a member
of the Elmore County Commission,
Defendants,

COMPLAINT
INTRODUCTION

The Fourteenth Amendment to the United States Constitution provides,

inter alia, a State shall not deprive a person of property without due process of

law. Plaintiff asserts defendants took real property owned by plaintiff against

plaintiff's will in violation of due process under the Fourteenth Amendment to the Constitution of the United States. Plaintiff further asserts defendants took real property owned by plaintiff to facilitate the ingress and egress of a private party to his property in violation of due process under the Fourteenth Amendment to the Constitution of the United States; that defendants encroached upon and took plaintiff's property to widen a road in violation of due process under the Fourteenth Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

Jurisdiction of this court is invoked under Title 28, United States Code Annotated by section 1343 (28 U.S.C.A 1343), and the proceedings authorized by section 1982 of Title (42 U.S.C.A 1983) to be commenced by any citizen of the United States or other persons within the jurisdiction to redress the deprivation, under color of state law, statute, ordinance, regulation, custom, or usage, of rights privileges and immunities secured by the Constitution of the United States. This court has supplemental jurisdiction under 28 U.S.C.A. 1367.

Venue in this district is appropriate pursuant to 28 U.S.C.A 1391(b). The unlawful acts and practices of the defendants were committed by the

defendants in Elmore County Alabama, which is within the United States District for the Middle District of Alabama, Northern Division.

PARTIES

1. Plaintiff, Malcolm Neely is over the age of nineteen (19) years a citizen of the United States and the State of Alabama and resides at 1630 Estes Road, Wetumpka, Alabama 36092.

2. Defendant, Elmore County is a political subdivision of the State of Alabama organized to assist in the local administration of State functions. The Alabama Constitution grants governing authority to the Elmore County Commission to govern the affairs of Elmore County to include, the construction and maintenance of roads.

3. Defendant, Mack Daugherty is over the age of nineteen (19) years a citizen of the United States and the State of Alabama and resides in Elmore County Alabama. At all times material hereto, defendant is a member of the Elmore County Commission.

4. Defendant, Tray Stubbs this over the age of nineteen (19) years a citizen of the United States and the State of Alabama and resides in Elmore County Alabama. At all times material hereto, defendant is a member of the Elmore County Commission.

5. Defendant, Bart Mercer is over the age of nineteen (19) years a citizen of the United States and the State of Alabama and resides in Elmore County

Alabama. At all times material hereto, defendant is a member of the Elmore County Commission.

6.   Defendant, Desirae Lewis is over the age of nineteen (19) years a citizen of the United States and the State of Alabama and resides in Elmore County Alabama. At all times material hereto, defendant is a member of the Elmore County Commission.

7.   Defendant, Richie Beyer is over the age of nineteen (19) years a citizen of the United States in the State of Alabama and resides at Elmore County. At all times material hereto, defendant Beyer is employed by the Elmore County Commission as its Chief Operations Officer with the duty and responsibility to supervise the construction and maintenance of roads.

## COUNT I
## ALLEGATIONS
### Violations of Due Process

8.   On or about December 23, 2020, plaintiff purchased real property located at and near the intersection of Estes and Milam Roads, constituting 1.07 acres located in the County of Elmore, State of Alabama.

9.   On or about June 2021, defendant County through its servants, agents, and employees and at the direction of defendant Beyer, took real property owned by plaintiff against plaintiff's will.

10.  On or about June 2021, defendant County through its servants, agents, and employees and at the direction of defendant Beyer, took real property owned by plaintiff to facilitate the ingress and egress of vehicles to the private property of another.

11.  That the taking of plaintiff's property by defendants against plaintiff's will, interferes with the property rights of plaintiff and served no public purpose of sufficient magnitude.

12.  That the taking of plaintiff's property by defendants against plaintiff's will to facilitate the ingress and egress of a private party to his property served no public purpose.

13.  That the taking of plaintiff's property by defendants against plaintiff's will did not advance the legitimate interests of the County of Elmore to construct and maintain roadways.

14.  That the taking of plaintiff's property by defendants to facilitate the ingress and egress of a private party to his property did not advance the legitimate interest of the County of Elmore to construct and maintain roadways.

15.  That the taking of plaintiff's property by defendants against plaintiff's will resulted in a permanent and substantial interference with plaintiff's use and enjoyment of his property.

5

16. That the taking of plaintiff's property by defendants to facilitate the ingress and egress of a private party to his property resulted in a permanent and substantial interference with plaintiff's use and enjoyment of his property.

17. That the taking of plaintiff's property by defendants against plaintiff's will and to facilitate the ingress and egress of a private party to his property without formal eminent domain or condemnation proceedings, violated plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution.

18. That the taking a plaintiff's property by defendants against plaintiff's will and to facilitate the ingress and egress of a private party to is property denied plaintiff due process of law under the Fourteenth Amendment to the Constitution of the United States.

19. That defendants and each of them failed to afford plaintiff due process when defendants took plaintiff's property against his will and, to facilitate the ingress and egress of a private party to his property in violation of plaintiff's right to due process under the Fourteenth Amendment to United States Constitution.

20. That the taking of plaintiff's property at the direction and under the authority of Defendant Beyer was done intentionally, maliciously and with conscious disregard to plaintiff's right to due process therefore, plaintiff is

entitled to recover punitive damages from defendants in an amount according to proof.

21. As a proximate result of defendant's conduct plaintiff has suffered and will continue to suffer general damages, including mental and emotional distress, loss of use and enjoyment of his property, out of pocket expenses.

Wherefore the above premises considered plaintiff respectfully request the court for the following relief:

a. Enter an Order directing defendants to vacate the real property taken by defendants and restore the property to plaintiff in the condition it was prior to the unlawful taking;

b. Enter an Order awarding plaintiff general damages in an amount according to proof;

c. Enter an Order awarding plaintiff punitive damage against each defendant individually and severally according to proof;

COUNT II
Encroachment and Occupy
Violations of Due Process

22. Plaintiff adopts and realleges herein paragraphs 1 through 8 as if said paragraphs are fully set forth herewith.

23. Plaintiff owns real property adjoining Estes Road.

24. On or about June 2021 and at times thereafter, defendants encroached upon, occupied, and took property owned by plaintiff against plaintiff's will and enlarged and otherwise widened the road identified as Estes Road located in Elmore County, Alabama.

25. That defendant's encroachment upon, occupying, and taking property owned by plaintiff against his will served no public purpose of sufficient magnitude.

26. Defendants encroachment upon, occupying, and taking property owned by plaintiff resulted in a permanent and substantial interference with plaintiff's use and enjoyment of his property.

27. Defendants encroachment upon, occupying, and taking property owned by plaintiff to enlarge or otherwise widened Estes Road without formal eminent domain or condemnation proceedings violated plaintiff's rights to due process under the Fourteenth Amendment to the United States Constitution.

28. Defendant's encroachment upon, occupying and taking property owned by the plaintiff to enlarged and otherwise widened Estes Road denied plaintiff due process of law under the Fourteenth Amendment to the Constitution of the United States.

29. That defendants and each of them failed to afford plaintiff due process when defendants encroached upon, occupied, and took property owned by

plaintiff against his will in violation of due process under the Fourteenth Amendment to the United States Constitution.

30. Defendants encroachment upon, occupying, and taking plaintiff's property against his will was done under the authority and at the direction of the defendant Beyer, and was done intentionally, maliciously and with conscious disregard to plaintiff's rights to due process therefore, plaintiff is entitled to recover punitive damages from defendants in an amount according to proof.

31. As a proximate result of defendants conduct plaintiff has suffered and will continue to suffer general damage, including mental and emotional distress, loss of use and enjoyment of his property, out of pocket expenses.

WHEREFORE the above premises considered plaintiff respectfully request the court for the following relief:

a. Enter an Order directing defendants to vacate the real property taken by defendants and restore the property to plaintiff in the condition it was prior to the unlawful taking;

b. Enter an Order awarding plaintiff general damages in an amount according to proof;

c. Enter an Order awarding plaintiff punitive damages against each defendant individually and severally according to proof;

9

Respectfully submitted

/s/James E. Wilson, Jr.
AL Bar ID 2556S72J

OF COUNSEL
James E. Wilson, Jr.
732 Carter Hill Road
Post Office Box 6237
Montgomery, AL 36106
Tel: 334-834-9899
Fax: 334-834-7557
E-mail: ATYWILSON@NETZERO.NET