IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MALCOLM NEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-177-WKW |
| | ) | [WO] |
| ELMORE COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this 42 U.S.C. § 1983 action, Plaintiff challenges a local government's condemnation of his property on due process grounds. Before the court is Defendants' Motion to Dismiss Portions of Plaintiff's Amended Complaint (Doc. # 16; *see also* Doc. # 17). The motion invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response opposing the motion, and Defendants replied. (Docs. # 21, 22.) For the reasons that follow, the motion is due to be granted.

### I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). Personal jurisdiction and venue are not contested.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.  BACKGROUND

Plaintiff Malcolm Neely bought 1.07 acres of real property in Elmore County, Alabama, in December 2020.  Six months later, the Elmore County Commission took the northeast section of the property "to facilitate the ingress and egress of vehicles to the private property of another." (Doc. # 15 ¶ 14 (Am. Compl.).)  Plaintiff sues Elmore County, the Elmore County Commission (Commission), four members of the Commission, and its chief operations officer.

Plaintiff brings two constitutional claims under 42 U.S.C. § 1983.  His first claim, titled "Violations of Due Process," alleges that Defendants' taking of his

property was "against [his] will," "served no public purpose of sufficient magnitude," and "did not advance the legitimate interests of the County of Elmore to construct and maintain roadways." (Doc. # 15 ¶¶ 12–13.) He contends that the taking, "without condemnation proceedings," violated his right to procedural due process under the Fourteenth Amendment to the United States Constitution.[1] (Doc. # 15 ¶ 16.) Plaintiff's second claim is titled "Encroachment and Occupy[,] Violations of Due Process," and the allegations largely mirror those in Count One. (Doc. # 15 ¶¶ 21–31.)

Both claims are lodged against all Defendants. It is unclear whether Plaintiff brings his claims against the commission members and chief operations officer in their individual capacities only or in both their individual and official capacities. For this opinion (and giving Plaintiff the benefit of the doubt), it will be assumed he is suing them in both capacities.

## IV. DISCUSSION

Defendants attack the Amended Complaint on two fronts. First, Defendants move to dismiss the official-capacity claims against the individual Defendants. Second, they move to dismiss the procedural due process claim (Count One), arguing that Plaintiff has not stated a plausible claim because he fails to allege that

---

[1] In his brief in opposition to Defendants' motion to dismiss, Plaintiff confirms that Count One is a procedural due process claim. (Doc. # 21, at 1–4.)

3

Alabama's post-deprivation remedy, *i.e.*, an inverse condemnation action, is inadequate for redressing the alleged deprivation. Plaintiff does not address the official-capacity arguments but opposes the dismissal of Count One. Because Defendants' arguments are sound and because Plaintiff's arguments confuse exhaustion of state remedies with the elements of a procedural due process claim, Defendants' motion will be granted.

A.  **The Official-Capacity Claims Against the Individual Defendants**

Defendants argue that the official-capacity claims against the four members of the Commission and the Commission's chief operations officer are redundant of the claims against Elmore County and the Commission. They move to dismiss the official-capacity claims to rectify the redundancy. Plaintiff does not address this argument or clarify the capacity in which he sues the individual Defendants.

"[L]ocal government units" are "persons" within the scope of § 1983 and are subject to suit. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). When a § 1983 plaintiff sues a local government entity, he does not "need to bring official-capacity actions against local government officials" because official-capacity actions against local government officials are "functionally equivalent" to actions against the entity they represent. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Bringing both types of claims is "redundant." *Id.* When a § 1983 plaintiff brings both types of claims, dismissal of the official-capacity claims

4

is appropriate. *See id.* (affirming the district court's ruling granting a directed verdict for the city employees sued in their official capacities because their employer (the City of Orlando) also was a defendant).

According to the Amended Complaint, four of the individual Defendants are members of the Commission, and the fifth works as the Commission's chief operations officer. (Doc. # 15 ¶¶ 3–7.) The official-capacity claims against these individuals Defendants are functionally equivalent to and redundant of the claims against the Commission. *See Busby*, 931 F.2d at 776. Accordingly, the official-capacity claims against the individual Defendants will be dismissed. *See id.*

### B. Procedural Due Process Claim (Count One)

Defendants also move to dismiss Count One, which alleges a violation of Plaintiff's procedural due process rights based on a governmental taking of his property without the institution of condemnation proceedings. A § 1983 claim alleging a denial of procedural due process has three elements: "(1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson Cnty. v. Cherry*, 980 F.2d 1362, 1366 (11th Cir. 1993).

Defendants challenge Count One on the third element only. They point to the availability of an inverse condemnation action under Alabama law and argue that it

provides an adequate procedure to remedy the allegedly unconstitutional taking of Plaintiff's property. Defendants assert that, because the Amended Complaint does not allege that an inverse condemnation action in an Alabama state court is an inadequate procedure to redress the alleged deprivation, Plaintiff has not stated a plausible procedural due process claim. The court agrees.

Even where a plaintiff suffers a deprivation of a constitutionally protected property interest, a procedural due process violation does not occur unless "the state refuses to provide a process sufficient to remedy the procedural deprivation." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)); *see also Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty.*, 202 F.3d 1297, 1301 (11th Cir. 2000) (explaining that in *McKinney*, the plaintiff "did not have a viable federal due process claim" because state law "provided an adequate remedy for the type of procedural deprivation [he] claimed to have suffered, even though he had not taken advantage of that state remedy." (citing *McKinney*, 20 F.3d at 1561–65)). The constitutional violation underlying a procedural due process claim is not the deprivation of the protected property interest; rather, "what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

In *Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000) (per curiam), the Eleventh Circuit further explained:

> It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim.  This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to "remedy the procedural failings of its subdivisions and agencies in the appropriate fora—agencies, review boards, and state courts"[—]before being subjected to a claim alleging a procedural due process violation.

*Id.* at 1331 (quoting *McKinney*, 20 F.3d at 1560).  Based upon these principles, if a plaintiff has available an adequate state remedy that he failed to pursue, he "cannot rely on that failure to claim that the state deprived him of procedural due process." *Id.*

The Eleventh Circuit has recognized that an inverse condemnation action provides an adequate post-deprivation remedy. *See Busse v. Lee Cnty.*, 317 F. App'x 968, 972 (11th Cir. 2009) (dismissing a procedural due process claim because the state provided the plaintiff "an adequate post-deprivation remedy, inverse condemnation, and he [made] no argument that this procedure [was] inadequate"); *see also Lacy v. City of St. Petersburg*, 608 F. App'x 911, 912 (11th Cir. 2015) ("[The plaintiff's] failure to plead facts showing that Florida's inverse condemnation action is inadequate is also fatal to her procedural due process claim.").  Here, Alabama law provides an action for inverse condemnation to a landowner whose property has been taken unlawfully by the government.  *See* Ala. Code § 18-1A-32. In *State v. Armstrong*, the Alabama Supreme Court explained that, "when the State

7

takes property without initiating a condemnation action and without paying just compensation to the property owner, the property owner has a cause of action for 'inverse condemnation,' by which he can recover just compensation for the taking." 779 So. 2d 1211, 1214 (Ala. 2000); *see also Jefferson Cnty. v. S. Nat. Gas Co.*, 621 So. 2d 1282, 1287 (Ala. 1993) (observing that "'[i]nverse condemnation' . . . is a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when the taking authority has not initiated condemnation proceedings.").

Based on these standards, Plaintiff has not stated an element of his claim for a procedural due process violation. The Amended Complaint alleges that Defendants took Plaintiff's property "without condemnation proceedings" (Doc. # 15 ¶ 16), but it is silent as to the availability of Alabama's post-deprivation remedy of an inverse condemnation action to remedy the deficiency in the process by which Plaintiff's property was taken. Fatal to Plaintiff's claim is the absence of an allegation that Alabama's inverse condemnation action is inadequate for redressing the allegedly unlawful taking of Plaintiff's property. Likewise, there is no allegation that the state has refused to provide Plaintiff with a post-deprivation remedy. Because Alabama courts provide a procedure to remedy any deficiency in the process by which Plaintiff's property was taken and because the Amended

Complaint does not challenge that procedure as inadequate or unavailable, Plaintiff cannot state a claim that he was denied procedural due process.

Plaintiff's response to the motion to dismiss does not address the Amended Complaint's failure to allege the inadequacy of a state post-deprivation remedy. Instead, Plaintiff argues that he does not have to exhaust state post-deprivation remedies before bringing a procedural due process claim, citing *Daniels v. Williams*, 474 U.S. 327, 337–39 (1986) (Stevens, J., concurring).[2]  (Doc. # 21 at 2–3.) Plaintiff's argument conflates the doctrine of exhaustion of remedies with the elements of a procedural due process claim. Plaintiff is correct that he did not have to exhaust state post-deprivation remedies by bringing an inverse condemnation action in an Alabama state court before filing this lawsuit, but exhaustion is not in

---

[2] Plaintiff also cites multiple federal courts of appeals' decisions holding that a Fifth Amendment takings claim is not subject to administrative exhaustion when the taking of private property is for private use. (Doc. # 21 at 2–3.) These decisions predate the Supreme Court's opinion in *Knick v. Township of Scott*, 139 S. Ct. 2162, 2179 (2019), which explicitly overruled the state-exhaustion requirement of *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985). *Knick* held that a "property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under § 1983 at that time," *id.* at 2168, "regardless of [state] post-taking remedies that may be available to the property owner," *id.* at 2170. Importantly, neither *Knick* nor the decisions Plaintiff cites address the elements of a Fourteenth Amendment due process claim; therefore, these decisions are not relevant to the current discussion. *See Bruzga v. Cnty. of Boulder*, 795 F. App'x 599, 603 (10th Cir. 2020) ("The right discussed in *Knick* is 'the irrevocable right to just compensation immediately upon a taking . . . by which the landowner has already suffered a constitutional violation' irrespective of the availability of a subsequent compensation remedy, whereas a procedural due process violation does not occur until or unless the plaintiff has been deprived of adequate process." (quoting *Knick*, 139 S. Ct. at 2172)).

issue. The absence of an adequate post-deprivation remedy is an element of Plaintiff's procedural due process claim. *See McKinney*, 20 F.3d at 1562–63 ("[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."); *id.* at 1564 n.20 (noting that the plaintiff's procedural due process claim "fails . . . not for want of exhaustion" but because the plaintiff did not state the elements of a procedural due process claim).

Based on the availability of an inverse condemnation action under Alabama law and the absence of allegations in the Amended Complaint that this post-deprivation remedy is inadequate or unavailable, Plaintiff has not stated a plausible procedural due process claim.[3] Defendants' motion to dismiss Count One is due to be granted.

## V. CONCLUSION

It is ORDERED that Defendants' Motion to Dismiss Portions of Plaintiff's Amended Complaint (Doc. # 16) is GRANTED, that Count One of the Amended Complaint is DISMISSED, and that the official-capacity claims against the individual Defendants are DISMISSED. This action proceeds on Count Two of the

---

[3] It is unnecessary to address Defendants' alternative argument that the individual Defendants are entitled to qualified immunity on the procedural due process claim in Count One.

Amended Complaint against Elmore County, the Elmore County Commission, and the individual Defendants in their personal capacities.

DONE this 31st day of October, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE