IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MALCOLM NEELY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:22-cv-177-RAH ) [WO] |
| ELMORE COUNTY, ELMORE COUNTY COMMISSION, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

This case concerns the Elmore County Commission's actions in incorporating a small triangular portion of Plaintiff Malcolm Neely's real property into the intersection of two county roadways.[1] Neely claims this encroachment constitutes an improper taking of his property without compensation in violation of his Fourteenth Amendment substantive due process rights. Pending before the Court is the Defendants' summary judgment motion. (Doc. 50.) The motion is fully briefed and ripe for decision. For the reasons set forth below, the motion is due to be granted.

### **JURISDICTION AND VENUE**

The Court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. §§ 1331 and 1343. The parties do not contest personal jurisdiction or venue, and the record supports both.

---

[1] Neely sued Mack Daugherty, Tray Stubbs, Bart Mercer, Desirae Lewis, Ritchie Beyer, and the Elmore County Commission. These Defendants will be collectively referred to as the Commission.

1

## BACKGROUND

Neely purchased 1.07 acres of real property in Elmore County, Alabama in December of 2020. The property is bordered by two public roads—Milam Road and Estes Road—which intersect at an acute angle at the northern tip of the property as depicted in the schematic below.



In the years preceding Neely's purchase of the property, a small portion of the property apparently was slagged and incorporated into the intersection to soften the angle of the intersection between the two roads.[2] This was done for public safety reasons.

---

[2] The evidence in the record suggests confusion as to the exact lines of Neely's property and Milam and Estes Roads long before Neely acquired the property. The record also suggests that a prescriptive easement may exist. As the Court presumes that there is an encroachment here, the property line issues have no bearing on the Commission's motion or this Court's ruling.

After Neely purchased the property, he complained to the Elmore County Commission about the encroachment onto his property. Because of his complaints, the Commission moved the intersection somewhat, but not enough to satisfy Neely. Neely then filed this lawsuit.

## STANDARD OF REVIEW

Summary judgment is proper if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citation and quotation omitted). *See also* Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and should rely on submissions "it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324. Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

3

## DISCUSSION

In his amended complaint, Neely claims that the Commission has taken his property against his will in interference of his property rights, and with no compensation, in order to facilitate the ingress and egress of a private party, all in violation of his substantive due process rights as guaranteed by the Fourteenth Amendment.[3]  The Commission moves for summary judgment, arguing that Neely cannot show a substantive due process violation because he cannot show that the Commission's encroachment is arbitrary or conscious shocking in a constitutional sense, especially since the encroachment is being exercised for a public purpose. This is true, according to the Commission, even if there has been an encroachment onto Neely's property without compensation.

The Fourteenth Amendment says that "[n]o State shall . . . deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV. The substantive component of the Due Process Clause recognizes those "rights that a state may not remove, regardless of the process, as well as actions that can not be countenanced, regardless of the appropriateness of the process." *McKinney v. Pate*, 20 F.3d 1550, 1560 n.15 (11th Cir. 1994) (en banc).  It forbids the government from burdening, in a constitutionally arbitrary way, an individual's property rights. Substantive due process is an outer limit on the legitimacy of governmental action, which protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense.  *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003).  *See also Collins v. City of Harker Heights, Tex.*,

---

[3] Neely also advanced a procedural due process claim, but that claim was dismissed due to the existence of a sufficient post-deprivation procedure through the State of Alabama's inverse condemnation laws.  *See* Ala. Code § 18-1A-32; *State v. Armstrong,* 779 So. 2d 1211 (Ala. 2000) (explaining Alabama's inverse condemnation law).  For unknown reasons, Neely has chosen not to avail himself of that procedure.  The Court also notes that Neely does not advance a Fifth Amendment takings claim, or a quiet title claim.

503 U.S. 115, 125 (1992) ("As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended."). Therefore, to succeed on a substantive due process claim, a plaintiff must show he had a valid property interest and that the defendant infringed on that interest in a constitutionally arbitrary or conscious shocking manner.

In a private takings case such as this one, a plaintiff has to show that the taking had no rational connection to a plausible conception of the public interest, which is a very low hurdle to meet. *See Garvie v. City of Fort Walton Beach, Fla.*, 366 F.3d 1186, 1189 (11th Cir. 2004); *Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 241 (1984). Very few takings will satisfy that standard. The fact that a taking creates incidental benefits for individual private parties "does not condemn that taking as having only a private purpose." *Midkiff*, 467 U.S. at 243–44.

Neely clearly has a private property interest here, and the Commission clearly has the power and obligation to establish and maintain county roads—including Milam Road and Estes Road. *See* Ala. Code § 23-1-80. The Commission also has the power to take private property for public roads. *See* Ala. Code § 11-80-1. The Commission has presented evidence showing that the encroachment at issue serves to facilitate the public's safe use of both roads at the place where they intersect. Neely does not dispute that in his summary judgment briefing. As such, Neely has not shown that the Commission's alleged taking has no conceivable or rational public purpose, let alone anything that rises to the level of arbitrary or conscious shocking. *See Midkiff*, 467 U.S. at 241.

In short, Neely has failed to show a substantive due-process violation because he does not present (let alone argue) evidence of arbitrary or conscious-shocking conduct and because he does not show that the Commission's actions were for

anything other than a public purpose.[4] That the Commission's encroachment has been without formal condemnation or compensation does not mean that the encroachment violates Neely's substantive due process rights. Accordingly, the Commission is entitled to summary judgment on the substantive due process claim.

## CONCLUSION

Accordingly, for the reasons discussed, it is ORDERED as follows:

(1) Defendants' Motion for Summary Judgment (Doc. 50) is **GRANTED**;
(2) Plaintiff's Motion for Leave to Submit Expert Report Out of Time (Doc. 40) is **DENIED** as moot;
(3) A separate judgment will issue.

**DONE** on this the 11th day of March, 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[4] In his summary judgment brief, Neely does not argue that the taking was for an improper private purpose, although he advanced this allegation in his amended complaint. Instead, he argues that the Commission "unlawfully took [his] property without instituting the condemnation process thereby depriving [Neely] of due process." (Doc. 53 at 9.) This argument is nothing more than an attempt to resurrect his already dismissed procedural due process claim.